[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISQUALIFY JUDICIAL AUTHORITY
Pending before the court is the motion to disqualify judicial authority filed by the plaintiff Westport Bank Trust based on the court's prior employment with Harlow Adams Friedman, one of the firms representing the defendant. Prior to the hearings held on the motions presently pending in this action, counsel for the plaintiff consented to the court's participation and waived any objection thereto. This waiver was done on the record and in writing. This waiver was made knowingly and voluntarily. In the present motion the plaintiff seeks to withdraw this waiver.
In the court's view, there is in fact no basis for the court to disqualify itself under Canon 3 of the Code of Judicial Conduct as the court has no relationship, bias or prejudice regarding the firm Harlow Adams Friedman subject to the provisions of Canon 3. This court's employment relationship with this firm ended in 1991. Additionally, the court has no business or employment relationship of any kind (nor any particular personal relationship) with the specific attorneys representing the defendant in this case.
The plaintiff's motion is not based on any actual partiality or bias of the court. The motion appears to be based on the plaintiff's dissatisfaction with the court's decision to consider the substantive issues raised by the controversy, and thus the motion may very well be an effort to forum shop. The court neither heard, nor considered any testimony from Attorney Wright, but considered the argument and presentation of counsel for both parties in evaluating how to proceed.
In order to avoid any appearance of impropriety, the court does routinely recuse itself from matters involving Harlow Adams Friedman, except in those instances where all parties agree to the court's participation in the matter. In this particular case, despite the plaintiff's waiver and the views expressed above, the court will again lean in favor of avoiding any possible appearance of impropriety and CT Page 11453 grant the plaintiff's motion.
Therefore, the motion to disqualify judicial authority filed by the plaintiff Westport Bank Trust is hereby granted and the matter is referred to the presiding judge for reassignment.
Dated this 6th day of September 2002.
_________________ STEVENS, J. CT Page 11454